UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CASE NO.:

| | |
|---|---|
| **MARLON JOSEPH,**<br><br>　　　　**Plaintiff,**<br>　　v.<br><br>**DIVERSIFIED CONSULTANTS, INC. d/b/a DIVERSIFIED CONSULTANTS INTERNATIONAL,**<br>　　　　**Defendant.** | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Marlon Joseph, the Plaintiff herein, by his attorneys, as and for his complaint against the Defendant DIVERSIFIED CONSULTANTS, INC. d/b/a DIVERSIFIED CONSULTANTS INTERNATIONAL ("Diversified"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff brings claims pursuant to the Fair Debt Collection Practice Act (FDCPA), 15 U.S.C. §1692 *et seq.*, and New York General Business Law § 349.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Declaratory relief is available per 28 U.S.C. §§ 2201 and 2202.

4. The Court has supplemental jurisdiction over state claims per 28 U.S.C. § 1367.

5. Venue is proper in this District per 28 U.S.C. § 1391c(2).

6. Venue is also proper in this district because Defendant conducts business in this District.

## PARTIES

7. At all relevant times, Plaintiff Marlon Joseph has resided in Brooklyn, New York.

8. Plaintiff is a "consumer" as that term is defined in the FDCPA, New York General Business Law § 349, and the rules of New York State Department of Financial Services.

9. Defendant Diversified Consultants, Inc. d/b/a Diversified Consultants International, was and is a business corporation formed under the laws of the State of Florida and authorized to do business in the State of New York through its registered offices at the InCorp Services, Inc., 1 Commerce Plaza, 99 Washington Avenue, Suite 805-A, Albany, New York 12210.

10. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.  Diversified possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

11. Upon information and belief, the principal purpose of Diversified is the collection of debts using instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. Based upon the allegations in the ¶¶ 9-11, Diversified is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

13. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from Plaintiff.

14. Defendant is subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## NAMED PLAINTIFF'S EXPERIENCE

15. Prior to the commencement of this action, Plaintiff reviewed his credit files compiled and maintained by the credit reporting agencies.

16. Within his credit files, Plaintiff was charged with allegedly incurring a financial obligation to Direct TV that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

17. This alleged debt with Direct TV was never opened, requested nor owned by the Plaintiff.

18. Suspecting that he was a victim of identity theft, Plaintiff requested that Defendant validate the alleged debt in addition to removing the erroneous debt from his credit file.

19. Diversified responded to Plaintiff's disputes, claiming the alleged debt arose from services provided by Direct TV at an apartment building the Plaintiff once lived.

20. However, Plaintiff could never have benefited from any services provided by Direct TV at this apartment building because the owners of said apartment building policy included the prohibition of services from Direct TV and other cable providers.

21. Upon the Plaintiff's request for validation, Diversified did not evaluate or consider any of Plaintiff's information, documents, claims or evidence and did not make any attempt to substantially or reasonably validate its collection representation.

22. Upon information and belief, Defendant has simply chosen to ignore Plaintiff's claims and has failed to cease its collection attempts.

23. Consequently, Defendant has maliciously sought to collect the debt from the Plaintiff.

24. Defendant's actions attempted to coerce the Plaintiff into paying a debt that is not owned by the Plaintiff.

25. By seeking to collect the debt from Plaintiff, Defendant utilized false and deceptive means to coerce Plaintiff into the paying the debt.

26. By seeking to collect the debt from Plaintiff, Defendant utilized false and deceptive means in an attempt to oppress and harass Plaintiff into paying the debt.

27. By seeking to collect the debt from Plaintiff, Defendant attempted to collect a debt not authorized by an agreement creating the debt.

28. By seeking to collect the debt from Plaintiff, Defendant engaged in collection activity, the purpose of which was to harass the Plaintiff.

29. Diversified's collection activity on these occasions, in addition to being a violation of the stay, were a communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692f and 1692f(1), amongst others.

30. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendant.

## COUNT I
### (Violations of the Fair Debt Collection Practices Act)

31. Plaintiff hereby restates, realleges, and incorporates by reference all foregoing paragraphs.

32. Congress enacted the Fair Debt Collection Practices Act to stop "the use of abusive, deceptive and unfair collection practices by many debt collectors." 15 U.S.C §1692(a).

33. The FDCPA is remedial in nature and liberally construed.

34. A debt collector may not "engage in any conduct the natural consequence of which is to "harass, oppress and/or abuse the consumer in attempt to collect a debt." 15 U.S.C. §1692d.

35. A debt collector may not "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

36. Such prohibition includes the false representation of "the character, amount or legal status of any debt." 15 U.S.C. § 1692e(2).

37. A debt collector may also not "use unfair or unconscionable means to collect any debt." 15 U.S.C. § 1692f.

38. Such prohibition includes "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

39. Defendant violated the FDCPA by continuously reporting to the credit reporting bureaus that Plaintiff owes the debt, even though it knows Plaintiff does not owns the debt in question, all in its attempt to recover monies not owed.

40. Defendant's false, misleading, and deceptive acts have caused Plaintiff to suffer cognizable harm.

41. By engaging and continuing collection activity, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, a tainted credit profile, out of pocket costs and attorney's fees.

42. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692d of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

43. As a result of these violations, Plaintiff is entitled to statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1692k.

44. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT II
### (New York State General Business Law § 349)

45. Plaintiff hereby restates, realleges, and incorporates by reference all foregoing paragraphs.

46. Each of the deceptive acts and practices set forth above, including but not limited to each deceptive act and practice set forth in Count I was committed in the conduct of *business, trade, commerce or the furnishing of a service in this state* and constituted a violation of New York General Business Law § 349 independent of whether it also constituted a violation of any other law.

47. Each of these actions was consumer oriented and involves misleading conduct that is recurring and has a broad impact upon the public.

48. Specifically, and without limitation, the following acts are false and deceptive: engaging and continuing collection activity after knowing that the Plaintiff did not own the alleged debt.

49. This false and deceptive conduct impairs the rights of consumers, forcing them to make payments they would not make if fully informed of their rights.

50. Plaintiff has been damaged thereby.

51. By engaging and continuing collection activity, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, a tainted credit profile, out of pocket costs and attorney's fees.

52. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 349 of the NY GBL, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

53. As a result of Defendant's violations of § 349, Plaintiff is entitled to declaratory judgment; an injunction against the offending conduct, damages in the amount of $50 or the amount over collected (whichever is greater), treble damages, punitive damages, costs and attorneys' fees.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

**WHEREFORE**, Plaintiff respectfully requests that this Court award:

A. A judgment declaring that Defendant has committed the violations of law alleged in this action;

B. Statutory Damages;

C. Actual Damages;

D. Treble Damages;

E. Punitive Damages;

F. Injunction of the offending conduct;

G. An order awarding disbursements, costs, and attorneys' fees; and

H. Such other and further relief that may be just and proper.

Dated: July 23, 2019

**LAW OFFICE OF ABEL L. PIERRE, ATTORNEY-AT-LAW, P.C.**

*[signature]*

Abel L. Pierre, Esq.
Attorney I.D. # AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone: (212) 766-3323
Facsimile: (212) 766-3322
abel@apierrelaw.com

*Attorneys for Plaintiff*